FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 MAY 26  PM 3: 32

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT Court
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                         CRIMINAL ACTION

VERSUS                                           NO. 00-208

FREDERICK MILLER                                 SECTION "R"

### JUDGMENT REVOKING SUPERVISED RELEASE

This matter is before the Court on the Government's Rule to Revoke Supervised Release of defendant Frederick Miller. The defendant and his counsel are present and have been allowed to respond to allegations contained in the Government's Rule to Revoke. The Court resolves the Government's Rule to Revoke defendant's Supervised Release as follows:

On February 14, 2001, defendant Frederick Miller was sentenced as to one count of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841. The Court sentenced defendant to 37 months of imprisonment and three years of supervised release. The Court also ordered the defendant to comply with the mandatory and standard conditions adopted by the Court and not to possess a firearm. Further, the Court ordered

___ Fee_____
___ Process___
_X_ Dktd_____
___ CtRmDep__
___ Doc. No___

defendant to pay a special assessment of $100.00. The Court also imposed the following special conditions:

1. The orientation and life skills condition; and

2. The drug abuse treatment and/or testing condition.

Based on the stipulated evidence presented, the Court finds that the defendant, Frederick Miller, violated certain terms of his supervised release:

On April 19, 2003, Miller was arrested by the New Orleans Police Department and charged with resisting arrest, obstructing an officer, and possession of cocaine. The possession charge was refused and the resistance/obstruction charge was nol-prossed. Miller failed to notify his parole officer of the arrest.

On June 3, 2003, Miller failed to notify the probation officer that he had moved his place of residence and refused all further contact with his probation officer. Miller also refused to participate in the orientation and life skills and drug abuse programs that are a condition of his supervised release. Miller has not submitted a monthly supervision report since April 2003.

When a person violates a term or condition of his supervised release, 18 U.S.C. §§ 3564(e) and 3565 authorize the Court to revoke the term of supervised release and to order defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense without credit for time previously served on post-release supervision. In determining an appropriate term of imprisonment, the Court must consider, but is

appropriate term of imprisonment, the Court must consider, but is not bound by, the Policy Statements in Chapter 7 of the Sentencing Guidelines.  *See United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994).  According to U.S.S.G. § 7B1.4, the range of imprisonment applicable to revocation is determined by plotting a defendant's grade of violation against his Criminal History Category at the time of his original sentence.  Defendant's highest grade of violation equates to a Grade C violation under U.S.S.G. § 7B1.1 and his applicable criminal history category is III.  Therefore, the applicable advisory guideline range is:

    __5__ to __11__    months imprisonment

    __Up to 36__    months supervised release less any term of imprisonment imposed

The Court finds that the circumstances of this case warrant a departure from the advisory sentencing range because defendant has been incarcerated since September 2004, has found gainful employment and his violations did not involved committing additional crimes.  Accordingly, pursuant to the Sentencing Reform Act of 1984, it is the judgment of this Court that the defendant's term of supervised release is revoked, and defendant, Frederick Miller, is committed to the custody of the Bureau of Prisons for a period of __60__ days.

It is further ordered that the defendant, Frederick Miller, be remanded to the custody of the U.S. Marshal.

New Orleans, Louisiana, this 26th day of May, 2005.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE